**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHAWN CLAY, ) | |
| ) | Case No. 14-cv-10515 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| COOK COUNTY and COOK COUNTY ) | |
| SHERIFF THOMAS DART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Cook County and Sheriff Thomas Dart (collectively, "Defendants") to dismiss Plaintiff's second amended complaint for failure to state a claim [55].[1] For the reasons stated below, Defendants' motion is denied. This case is set for status hearing on March 22, 2017 at 9:30 a.m.

### I.   Background[2]

On December 25, 2012, Plaintiff Shawn Clay ("Clay") was arrested for aggravated robbery. The following day, he was taken into custody by Cook County employees under the direction of Defendant Dart. Plaintiff was not provided a probable cause hearing—commonly

---

[1] Officers G. Devries and Eggebrect, who were named as defendants in Plaintiff's original complaint, have been dismissed from the case with prejudice pursuant to the parties' joint stipulation [63].

[2] For purposes of Defendant's motions to dismiss, the Court assumes as true all well-pled allegations set forth in the second amended complaint [52]. See *Mutter v. Madigan*, 17 F. Supp. 3d 752, 756 (N.D. Ill. 2014). The Court also takes judicial notice of the certified statements of conviction/dispositions and transcripts attached to Defendants' motion to dismiss. See [55-2] through [55-5]; see also *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("We can take judicial notice of prior proceedings in a case involving the same litigant.").

referred to as a *Gerstein* hearing[3]—until January 3, 2013. Plaintiff alleges that this delay violated his right to due process under the Fourth and Fifteen Amendments to the United States Constitution.

Plaintiff's second amended complaint contains a single count based on *Monell v. Dep't of Soc. Servs. of City of New York*, 536 U.S. 658, 694 (1978). Plaintiff alleges that it is a "common practice, custom, and/or policy of employees of Cook County to hold individuals beyond the constitutionally required time for a bond hearing where those individuals were being held for other charges." [52] at 2. More specifically, Plaintiff alleges that several Cook County employees informed him that this was a common practice, custom, and/or policy of the Cook County Jail. Plaintiff also alleges that other individuals arrested and jailed by Cook County deputies have had their constitutional rights violated in the same manner. In addition, Plaintiff cites to another lawsuit from this district, *Weaver v. Dart*, Case. No. 16-cv-4415, in which the plaintiff alleged that "[t]he Sheriff of Cook County has [a] practice[,] custom and policy to avoid providing hearing[s] for individuals who are being held for other charges." [52] at 3. Plaintiff seeks compensatory damages, attorneys' fees, and costs.

Currently before the Court is Defendants' motion to dismiss the second amended complaint for failure to state a claim. Defendants attach documentation showing that Plaintiff's arrest for armed robbery triggered an alert that Defendant had two outstanding felony warrants for armed robberies that he allegedly committed in other districts of Cook County. On

---

[3] In *Gerstein v. Pugh*, 420 U.S. 103, 124-25 (1975)), the Supreme Court held that, "[w]hatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

December 26, 2012, Defendant was taken to the Bridgeview Courthouse for a *Gerstein* hearing on the two felony warrants—but not on the Christmas Day aggravated robbery charge. See [55-4]. Bond was set at $150,000, which Plaintiff did not pay. Plaintiff pled guilty to the two armed robbery charges. At sentencing, Plaintiff was given credit for the time that he spent in custody between December 26, 2012 and January 3, 2013.

## II.     Legal Standard

Defendant seeks dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), which challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), "the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor." *Mutter*, 17 F. Supp. 3d at 756. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## III.    Analysis

### A.     Sufficiency of *Monell* Allegations

Defendants argue that Plaintiff's *Monell* claim must be dismissed because it simply repeats the applicable legal standard and does not contain sufficient factual allegations to plausibly suggest that Plaintiff is entitled to relief.

The Court concludes that Plaintiff's allegations are sufficient to state a § 1983 *Monell* claim. Under 42 U.S.C. § 1983, a person may sue anyone who, while acting under color of law,

3

causes him to be deprived of any of his constitutional rights. 42 U.S.C. § 1983; *Connick v. Thompson*, 563 U.S. 51, 60–62 (2011). A municipality can be held liable under Section 1983 only "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy," causes the constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of New York*, 536 U.S. 658, 694 (1978). One of the ways in which a plaintiff may establish municipal liability under *Monell* is by showing "a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

To state a *Monell* claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference" that the municipality maintained a policy or custom that caused the alleged constitutional deprivation. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). "The required level of factual specificity rises with the complexity of the claim." *Id.* at 616–17; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("A more complex case * * * will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected."). Mere "legal conclusions or elements of the cause of action" must be disregarded. *McCauley*, 671 F.3d at 617. Thus, "boilerplate" allegations that repeat the elements of a *Monell* claim without any further factual content are dismissed for failure to state a claim. See, *e.g.*, *Annan v. Vill. of Romeoville*, 2013 WL 673484, at *6 (N.D. Ill. Feb. 25, 2013) (holding that an allegation that defendant "maintains a policy by which officers use excessive

force to arrest individuals with no probable cause or reasonable suspicion warranting such" was insufficient to state a *Monell* claim).

Plaintiff's allegations are sufficient to state a *Monell* claim based on Defendants' alleged practice, custom, and/or policy of holding individuals beyond the constitutionally required time for a bond hearing (two days) where those individuals were being held for other charges. See *Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1145 (7th Cir. 2016) ("Police may take as long as two days before presenting an arrested person to a judge for a probable-cause determination." (citing *Riverside County v. McLaughlin*, 500 U.S. 44 (1991))). Plaintiff cites to (1) his own personal experience at the Cook County Jail; (2) alleged admissions made to Plaintiff by Cook County Jail personal; (3) alleged knowledge of other instances in which individuals being held for other charges were not provided a bond hearing within two days; and (4) another lawsuit in this district in which the same alleged policy, practice, and/or custom was raised. See [52] at 2-3, ¶¶ 5, 9, 10.

The Seventh Circuit case on which Defendants' motion to dismiss relies, *McCauley*, 671 F.3d 611, does not support dismissal of Plaintiff's *Monell* claim. In *McCauley*, the plaintiff failed to state a *Monell* claim against the City of Chicago for failure to maintain policies to protect victims of domestic violence from persons who violate parole or court orders, where the complaint contained no factual allegations supporting the plausibility of the claim, and the facts alleged were "actually legal conclusions or elements of the cause of action." *Id*. at 617. Here, by contrast, Plaintiff cites not only his own experience at the Cook County Jail, but also the alleged experience of other inmates who were waited more than two days for a bond hearing when they were being held on other charges, alleged admissions from Cook County Jail personnel that this was its policy or practice, and another lawsuit alleging the same alleged policy or practice. From

these allegations, the Court is able "to draw the reasonable inference" that the Cook County Jail maintained a policy or practice that caused Plaintiff's alleged constitutional deprivation. *Id*. at 616.

### B. Applicability of *Bridewell v. Eberle*, 730 F.3d 672 (7th Cir. 2013)

Defendants also argue that Plaintiff's *Monell* claim must be dismissed pursuant to *Bridewell v. Eberle*, 730 F.3d 672 (7th Cir. 2013), because Plaintiff is unable to establish that he suffered a cognizable injury. In *Bridewell*, the Seventh Circuit affirmed the district court's grant of summary judgment against a plaintiff who alleged that the defendants violated her Fourth Amendment rights by holding her for more than 48 hours before taking her to a *Gerstein* hearing on a murder charge. When Bridewell eventually received her *Gerstein* hearing, the court revoked her bail on an earlier cocaine possession charge, found that probable cause existed for the murder charge, and denied bail on the murder charge. Judge Easterbrook, writing for the majority, reasoned that Bridewell was not injured by the delay, and the defendants were therefore entitled to summary judgment on Bridewell's Section 1983 Fourth Amendment claim, because she was "arrested properly and was not entitled to release on bail," and if she had received a timely hearing she merely "would have learned these things a little sooner but would have remained in jail." *Id*. at 676-77. In addition, the majority reasoned, Bridewell received credit against her sentence for cocaine possession for every hour she spent in custody following her arrest for murder, and "cannot receive damages for time spent in custody on a valid sentence." *Id*. at 677 (citing *Ramos v. City of Chicago*, 716 F.3d 1013, 1020 (7th Cir. 2013) (holding in a Section 1983 malicious prosecution case that "any presumption of damages [where the prosecution results in incarceration] is surely defeated in a case where all of the time served is ultimately credited toward an unrelated weapons violation")).

6

Defendants argue that, under *Bridewell*, Plaintiff cannot show that he was injured by Defendants' delay in taking him to a *Gerstein* hearing, because Plaintiff was being validly held in custody during that time for his two earlier armed robbery charges (for which he did receive a timely *Gerstein* hearing) and did not post the $150,000 bond that had been set on those charges.

The Court is not persuaded that *Bridewell* provides sufficient grounds for dismissing Plaintiff's complaint at this early stage of the case. In *Bridewell*, the Seventh Circuit found that the plaintiff did not suffer a cognizable injury because she was properly arrested for murder (*i.e.*, there was probable cause) and she "was not entitled to release on bail." 730 F.3d at 676. In this case, although Plaintiff was apparently unable or unwilling to pay the $150,000 bond on the earlier robbery charges, Plaintiff, unlike Bridewell, *was* "entitled to release on bail" on those charges. *Id*. Further, *Bridewell* examined whether there was probable cause or an entitlement to bail on the charge for which the untimely *Gerstein* hearing was held, not on the plaintiff's earlier charges. Here, it is not apparent from the pleadings or other documents provided to the Court whether Cook County police officers had probable cause to arrest Plaintiff for the Christmas Day robbery, or whether Plaintiff was eventually found eligible for bail on the aggravated robbery charge.

Defendants also argue that Plaintiff's complaint should be dismissed under *Bridewell* because, when Plaintiff plead guilty and was sentenced on the two earlier armed robbery charges, he received credit for all of the time that he spent awaiting his *Gerstein* hearing on the Christmas Day robbery. Therefore, Defendants maintain, Plaintiff will be unable to establish that he suffered any cognizable injury.

The Court agrees that *Bridewell* forecloses Plaintiff from obtaining compensatory damages on his due process claims to the extent that Plaintiff received sentencing credit for the

days he spent awaiting his *Gerstein* hearing. *Bridewell* is clear that a Section 1983 Plaintiff alleging a Fourth Amendment claim "cannot receive damages for time spent in custody on a valid sentence." 730 F.3d at 677.

Nonetheless, the Court concludes that Defendants are not entitled to have Plaintiff's complaint dismissed at the pleading stage because it is not clear that Plaintiff is foreclosed from obtaining any type of relief, and in particular nominal damages and attorneys' fees, for Defendants' alleged constitutional violations. The majority opinion in *Bridewell* does not discuss whether a plaintiff might be entitled to nominal damages even if she is unable to establish an entitlement to actual damages. Chief Judge Wood, however, raised the issue in her concurrence, discussing the Supreme Court's decision in *Carey v. Piphus,* 435 U.S. 247 (1978), a case involving a student who was suspended from his public school without due process for possession of marijuana. See *Bridewell*, 730 F.3d at 681 (Wood, C.J., concurring). In *Carey*, the Supreme Court ruled that even if there was factual justification for the student's suspension, he "nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners," because "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions." *Carey*, 435 U.S. at 267. In Chief Judge Wood's view, *Carey* also "recognized that damages for emotional distress attributable to the deficiencies in procedure are possible, if the person can 'convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself.'" *Bridewell*, 730 F.3d at 681 (Wood, C.J., concurring) (quoting *Carey*, 435 U.S. at 263). However, Chief Judge Wood agreed with the majority that, "putting nominal damages to one side, Bridewell cannot recover anything for time spent in custody that was credited to a lawful sentence." *Id*.

Since *Bridewell* was decided, the Seventh Circuit has issued several decisions recognizing that a Section 1983 plaintiff may be entitled to nominal damages when he establishes a violation of his constitutional rights, but fails to prove any actual damages. For instance, in *Moore v. Liszewski*, 838 F.3d 877 (7th Cir. 2016), the Seventh Circuit considered whether a prisoner could receive nominal damages on his Section 1983 claim against a correctional officer for excessive force, even though the jury concluded that the prisoner incurred no actual damages. The court concluded that it was proper for the jury to award nominal damages where the evidence supported the jury's finding that the correctional officer used excessive force against the prisoner, but the prisoner incurred not actual damages. The court outlined several reasons for nominal damages, including, as the Supreme Court recognized in *Carey*, the "'importance to organized society of [constitutional] rights be[ing] scrupulously observed.'" *Id*. at 880 (quoting *Carey*, 435 U.S. at 266); see also *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 805 (7th Cir. 2016) (recognizing in case alleging First Amendment violation that, "in civil rights cases, nominal damages are appropriate when a plaintiff's rights are violated but there is no monetary injury"). Further, *Moore* concluded that even though the plaintiff was not entitled to compensatory damages, his entitlement to nominal damages would establish his status as a prevailing part for purposes of Section 1983's fee-shifting statute. 838 F.3d at 880.

At least one other district court has denied a motion to dismiss a Section 1983 due process claim based on *Bridewell* due, in part, to the potential availability of nominal damages to a plaintiff who was held in prison for one charge based on fabricated evidence, but received credit for that time when he plead guilty to and was sentenced on another charge. See *Sumling v. Vill. of E. Dundee*, 2015 WL 5545294, at *5 (N.D. Ill. Sept. 18, 2015) ("even if Sumling

ultimately cannot prove that he is entitled to compensatory damages (because the liberty deprivation ended up being counted as time served) he may still be entitled to nominal damages" (citing *Bridewell*, 730 F.3d at 681 (Wood, J., concurring); *Buckley v. Fitzsimmons,* 20 F.3d 789, 796 (7th Cir. 1994) ("[F]ailure to use the procedures the due process clause requires may lead to an award of nominal damages, even if a properly conducted hearing would have come out the same way."); *Smith v. City of Chicago,* 91 3 F.2d 469, 473 (7th Cir. 1990) (where fabricated evidence does not cause injury, award of nominal damages is still appropriate)).

In this case, the Court concludes that Plaintiff's second amended complaint alleges facts which, if taken as true, plausibly suggest that Defendants violated his right to receive a *Gerstein* hearing within 48 hours of his arrest, which may entitle Plaintiff to nominal damages and fees under Section 1983. Plaintiff alleges, and Defendants do not deny, that he was held for nine days before receiving a *Gerstein* hearing on the Christmas Day robbery. Plaintiff also alleges that, as a direct and proximate result, he "suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain, and suffering." [52] at 3. Defendants have not demonstrated that governing Supreme Court and Seventh Circuit precedent would foreclose Plaintiff from obtaining any relief under this set of facts.

IV. **Conclusion**

For these reasons, Defendants' motion to dismiss Plaintiff's second amended complaint for failure to state a claim [55] is denied. This case is set for status hearing on March 22, 2017 at 9:30 a.m.

Dated: March 6, 2017

_____
Robert M. Dow, Jr.
United States District Judge

10